IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON NEWTON, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-1964 |
| : | |
| HON. LAUREN N. HOLT, *et al.* : | |
|     Defendants. : | |

MEMORANDUM

**MARSTON, J.**                                                                                                                                                                              June 10, 2025

      Devon Newton filed this civil action against 15 individuals and entities.[1] (Doc. No. 2.) Newton also seeks leave to proceed *in forma pauperis*. (Doc. No. 1.) For the following reasons, the Court grants Newton's application to proceed *in forma pauperis* and dismisses his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTUAL ALLEGATIONS[2]**

      Newton's allegations are difficult to follow and frequently incoherent. As best the Court can discern, he asserts that on October 30, 2024, he was pulled over while driving his BMW and the car was confiscated and towed.[3] (Doc. No. 2 at 5.) Newton later had to pay $1,000 to

---

[1] The named Defendants listed in the Complaint are: (1) Honorable Lauren N. Holt; (2) Chester County Justice Center, (3) Commonwealth of Pennsylvania; (4) Easttown Twp Police Department; (5) Wayne Police Department; (6) Rob Lawrence/Real Estate Agent; (7) Betty Angelucci: Real Estate Agent; (8) Laura Caterson: Real Estate Agent; (9) Mark Sweeney: Real Estate Agent; (10) Brendan Reilly: Real Estate Agent; (11) Nick Vandekar: Real Estate Agent; (12) Gary Mercer Team: Real Estate Agents at Keller Williams Realty; (13) Ryan Petrucci: Real Estate Agent; (14) Compass Real Estate Agents; and (15) The Rob Lawrence Team – VRA Realty. (Doc. No. 2 at 2–4.)

[2] The factual allegations set forth in this Memorandum are taken from the Complaint (Doc. No. 2), which consists of the Court's preprinted form available for prisoners to file civil rights claims as well as handwritten pages. The Court adopts the sequential pagination supplied by the CM/ECF docketing system to the entire submission. Punctuation, spelling, and capitalization errors in the Complaint have been cleaned up.

[3] The Complaint references a Chester County Court of Common Pleas docket, which reflects that on October 30, 2024, Newton was charged in Tredyffrin Township with (1) failure to stop at a red light, and (2) failure to carry a driver's license. *See Commonwealth v. Newton*, MJ-15401-TR-0004905-2024,

release the car from impound. (*Id*.) In the area of the form complaint asking, "Was anyone else involved?" Newton writes cryptically that "[t]he Security Camera Men watching scrutinizing from the offense side of surveillance racially profiling and discriminating against my 8th Amendment rights." (*Id*.) In the area of the form complaint asking about injuries related to the events alleged in the Complaint, Newton writes that he was injured when his car crashed into a tree, resulting in "a[n] agonizing migraine . . . a slight concussion. Loss of vision and conscious[ness]." (*Id*. at 6.) As relief for his claims, Newton asks the Court "to tender the full amount of the damages of my 2008 32i BMW 4 door sedan and all car expenses I paid for on the car. And $600,000 for pain and suffering, head trauma, and putting my life in double jeopardy from Toms Tow Truck Service that left my vehicle in [its] impound lot violating my VIII Amendment Rights." (*Id*.) He also seeks $22 million in damages "for the amount of Real Estate Residences on 108 Devon Wood Lane in Devon, Pennsylvania," the value of which he appears to assert were affected by his being stopped for the traffic violations by "the law" of Wayne, Pennsylvania. (*Id*.)

**II.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Because Newton is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a litigant is "unable to pay such fees or give security therefor").

---

MJ-15401-TR-0004906-2024 (M.J. Chester). On December 10, 2024, Newton pled guilty to both charges.

**III.      SCREENING UNDER § 1915(E)**

Because the Court grants Newton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

**A.      Legal Standard**

In analyzing a complaint under § 1915(e)(2)(B)(ii), the Court uses the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). So, the Court must determine whether Newton's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice. *Id.* However, because Newton is proceeding pro se, the Court liberally construes the allegations in his Complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

**B.      Analysis**

The exact nature of Newton's claims is unclear, but he names governmental officials and entities as Defendants and appears to allege his civil rights were violated. Accordingly, the Court understands him to be asserting constitutional violations. The vehicle by which federal constitutional claims may be brought against state actors in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988);

*see also Groman v. Township of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). The Court considers Newton's claims against each Defendant in turn, grouping Defendants together when appropriate.

### 1. Claims Against the Commonwealth of Pennsylvania

Newton names as a Defendant the Commonwealth of Pennsylvania. (Doc. No. 2 at 1.) However, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Regardless of the basis of his claims, as the Commonwealth has not waived its Eleventh Amendment immunity, and because states are not "persons" as that term is used in § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989), Newton's claims for monetary damages against the Commonwealth are dismissed with prejudice for failure to state a claim.

### 2. Claims Against the Chester County Justice Center

Newton names Chester County Justice Center as a Defendant. (Doc. No. 2 at 4.) It is well-established that federal civil rights claims against a courthouse are not cognizable under § 1983, which permits suit only against a "person." *See Elansari v. United States*, No. 15-01461, 2016 WL 4415012, at *5 n.9 (M.D. Pa. July 11, 2016); *Devenshire v. Kwidis*, No. 15-1026, 2016 WL 4032881, at *3 (W.D. Pa. June 28, 2016); *Robinson v. Mercer Cnty. Courthouse*, No. 12-4114, 2012 WL 4662967, at *3 (D.N.J. Oct. 1, 2012); *Bucano v. Sibum*, No. 12-0606, 2012 WL 2395553, at *11 (M.D. Pa. Apr. 23, 2012); *Brinton v. Del. Cnty. Adult Parole/Probation Dept.*, No. 88-3656, 1988 WL 99681, at *1 (E.D. Pa. Sept. 22, 1988). Accordingly, Newton's claims against Chester County Justice Center are dismissed with prejudice.

### 3. Claims Against Judge Holt

Newton names as a Defendant Judge Lauren N. Holt. (Doc. No. 2 at 4.) The Complaint does not assert any facts as to Judge Holt but his claims appear to be based on her actions in adjudicating Newton's Chester County Court of Common Pleas matters arising from his October 30, 2024 arrest.[4] Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012); *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because Newton's claims against Judge Holt appear to be based on actions she took in her judicial capacity, they are not plausible and are dismissed with prejudice.

### 4. Claims Against Easttown Township and Wayne Police Departments

Newton names as Defendants the Easttown Township and Wayne Police Departments. (Doc. No. 2 at 4.) Other than listing these two municipal agencies as Defendants, the Complaint does not allege that either of these entities was involved in the events giving rise to Newton's claims. (*See generally id.*) Further, following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts have concluded that a police department is a sub-unit of the

---

[4] Notably, after listing Judge Holt's name in the caption of his Complaint, Newton lists the docket for one of his Court of Common Pleas matters, which was presided over by Judge Holt, suggesting that his claims are based on Judge Holt's actions in the case.

local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie*, 834 F. Supp. 873, 878–79 (W.D. Pa. 1993). Thus, although a municipality may be found liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability." (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988))); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, these two municipal police departments are not proper defendants under § 1983 and are dismissed with prejudice. *See Quintero v. City of Reading Police Dep't*, No. 24-3025, 2024 WL 3653051, at *1 (E.D. Pa. Aug. 5, 2024).[5]

### 5. Claims Against Real Estate Agents and Agencies

Newton names as Defendants various real estate agents and agencies. (Doc. No. 2 at 2–3.) Newton does not allege any facts as to how these individuals and entities violated his civil rights. Further, these Defendants appears to be private individuals and entities rather than "state actors" subject to liability under § 1983 for constitutional violations. Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether

---

[5] Even if the Court were to consider Newton's claims against the Police Departments as being asserted against the municipalities, Newton's claims fail because Newton has not pled any basis for municipal liability. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Newton has neither alleged a plausible underlying constitutional violation nor that any municipal policy caused the violation.

there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Additionally, "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Newton's allegations concerning property values do not include any facts pertaining to the conduct of these private individuals and entities that would indicate they were state actors under the three tests outlined by the Third Circuit. Accordingly, the claims against Rob Lawrence, Betty Angelucci, Laura Caterson, Mark Sweeney, Brendan Reilly, Nick Vandekar, Gary Mercer Team, Ryan Petrucci, Compass Real Estate Agents, and The Rob Lawrence Team –

VRA Realty, are dismissed. However, Newton will be given an opportunity to amend his Complaint to add allegations of state action if he can do so in good faith.

## IV.    CONCLUSION

For the reasons stated, the Court dismisses Newton's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows.