IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVON NEWTON,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1964 |
| | : | |
| **HON. LAUREN N. HOLT,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 10th day of June, 2025, upon consideration of Plaintiff Devon Newton's Motion to Proceed *In Forma Pauperis* (Doc. No. 1), and *pro se* Complaint (Doc. No. 2) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Clerk of Court is **DIRECTED** to: (a) **CORRECT** the spelling of Defendant Guy Mercer Team on the docket to Gary Mercer Team, (b) **TERMINATE** Notice of Impending Bench Warrant Docket No.: MDJ 15401-TR-0004905-2024 as a Defendant on the docket, as Plaintiff appears to have included this phrase in the caption only as a means for identifying Defendant Honorable Lauren N. Holt, and (c) **ADD** Chester County Justice Center as a Defendant on the docket.

4. The claims against Honorable Lauren N. Holt, Chester County Justice Center, the Commonwealth of Pennsylvania, Easttown Twp Police Department, and Wayne Police Department are **DISMISSED WITH PREJUDICE** for the reasons stated in the accompanying Memorandum.

5. The claims against Rob Lawrence, Betty Angelucci, Laura Caterson, Mark Sweeney, Brendan Reilly, Nick Vandekar, Gary Mercer Team, Ryan Petrucci, Compass Real Estate Agents, and The Rob Lawrence Team – VRA Realty are **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the accompanying Memorandum.

6. Newton may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Newton's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Newton should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Newton a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Newton may use this form to file his amended complaint if he chooses to do so.

8. If Newton does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the

district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.      If Newton fails to file any response to this Order, the Court will conclude that Newton intends to stand on his Complaint and will issue a final order dismissing this case. *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ Karen Spencer Marston
**KAREN SPENCER MARSTON, J.**